United States District Court
Southern District of Texas
**ENTERED**
September 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACE ELECTRIC SIGN COMPANY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2653 |
| | § | |
| OMB HOUSTON, LP | § | |
| and | § | |
| RIVER OAKS DISTRICT, LP | § | |
| and | § | |
| OLIVERMCMILLAN, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

## I.     INTRODUCTION

Before the Court is the plaintiff's, Ace Electric Sign Company, LLC, motion to remand this case to the 113th Judicial District Court of Harris County, Texas, from which it was removed pursuant to Title 28 U.S.C. §§ 1441(a)(b) and 1446(c).  [DE 10].  The defendants, OMB Houston, LP; River Oaks District, LP f/k/a OliverMcMillan River Oaks District, LP; RODJV-GP, LLC; River Oaks Commercial LLC; River Oaks REIT, LLC; JP Morgan Chase & Co.; and, OliverMcMillan, Inc., filed a collective response to the plaintiff's motion for remand and it is before the Court [DE 14].  The plaintiff filed a reply and, it too, is before the Court [DE 15].  The pleadings of the parties, now before the Court, have been carefully reviewed.  The Court concludes that it lacks jurisdiction; therefore, the case should be remanded to state court.

## II.    CONTENTIONS OF THE PARTIES

### A.    *Contention of the Plaintiff*

The plaintiff's motion for remand states two basis for remanding this case to state court: (a) failure to plead or prove diversity; and, (b) failure to timely obtain consent from all defendants for the removed action.

### B.    *Contentions of the Defendants*

The defendants assert that the plaintiff's motion should be struck for failure to comply with Local Rule 7.10 and subpart C of Section IV, respectively.  Alternatively, the defendants assert that their pleadings establish that they are not citizens of the state of Texas.  Assuming that their pleadings are deemed by the Court to be insufficient on this matter, the defendants claims to be prepared to amend their pleadings to establish that no partners are not citizen of Texas.  Secondly, the defendants argue that any delay by a "nominal defendant" to timely file its consent to the removal is not fatal because the plaintiff's pleadings do not support a cause of action against the nominal defendant.

## III.   ANALYSIS AND DISCUSSION

The Court is of the opinion that the case should be remanded.  This is a state law case where the Court's jurisdiction is derived from federal statutes.  *See* 28 U.S.C. § 1441(a) and 1446(b)(2)(A).  A review of the plaintiff's pleadings presumptively establishes that the defendants are not diverse.  The named defendants include at least one limited partnership where the citizenship(s) of its partners are not accounted for.  To

merely state that the partnership is a citizen of a state other than Texas, overlooks the defendants' duty to establish diversity.

It is noteworthy that in its the discloses, interested parties and their location(s) are not revealed pursuant to Fed. R. Civ. Pro., Rule 26(a)(A).  Nor has citizenship of each member of any limited partnership been disclosed in the defendants' response to the plaintiff's motion for remand.  *MidCap Media Fin., LLC v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019).  Both opportunities to disclose were ignored by the defendants and on this basis alone the case must be remanded.

The defendants also assert that certain defendants are "nominal" defendants and therefore a tardy consent to removal should be excused.  This issue is viable only if diversity is established.  Nevertheless, it is undisputed that at least one of the consents was not filed within the 30 days required by statute for removal of the case.  28 U.S.C. § 1446(b).  In arguing that the period of delay should be excused, the defendants label the tardy defendants as "nominal".

To determine whether any defendant is nominal, the Court looks to the plaintiff's pleading.  The plaintiff's pleadings show that it makes the same claims against the "nominal" defendants as against "non-nominal" defendants.  At this juncture Federal Rules of Civil Procedure, Rule 8(a) and Rule 12(b)(6), and the case law supporting pleadings, dictate the conclusion that there are no nominal party defendants.  The plaintiff has stated claims for relief that are plausible against all defendants. *See Ashcraft v. Iqbal*, 556 U.S. 662 (2009); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Based on the foregoing analysis and discussion, the Court concludes that this case should be remanded to the 113th Judicial District Court of Harris County Texas, pursuant to 28 U.S.C. § 1447(c).

It is so Ordered.

SIGNED on this 21st day of September, 2020.

_____
Kenneth M. Hoyt
United States District Judge